IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM ZAMORA,

    Petitioner,

v.                                             CIV No. 11-501 WJ/GBW

TIMOTHY HATCH, Warden, and
GARY KING, Attorney General for
the State of New Mexico,

    Respondents.

## ORDER FOR ADDITIONAL BRIEFING

THIS MATTER is before the Court upon review of Respondents' Supplemental Answer to Petition for Writ of Habeas Corpus ("Supplemental Answer"). *Doc. 16.* Either because of lack of attention to detail or from misunderstanding, Respondents state in the Supplemental Answer that one of Petitioner's claims – a claim never litigated prior to the instant petition – has been properly exhausted as required by 28 U.S.C. § 2254. Despite the fact that Respondents are demonstrably incorrect, asserting otherwise constitutes clear waiver of the exhaustion requirement for that issue. *Richwine v. Romero*, No. 10-2247, 2011 U.S. App. LEXIS 10769, at *7-*8 (10th Cir. May 26, 2011) (quoting *Gonzales v. McKune*, 279 F.3d 922, 926 n.8 (10th Cir. 2002) (en banc)). Because the issue was never litigated prior, the Court will order Respondents to fully and clearly brief the question presented by that claim. Following receipt of that additional answer, the Court will conduct a *de novo* review of the issue.

Petitioner is currently incarcerated pursuant to a 13 1/2 year sentence imposed for the commission of three counts of sexual offenses involving a minor. *See doc. 11*, Ex. A. On June 9, 2011, Petitioner filed his petition in this court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1.* The petition listed two grounds of error: that admission of hearsay testimony by a witness nurse at trial was inadmissible hearsay in violation of the Sixth Amendment, (*doc. 1* at 8), and that the trial court's consideration of uncharged conduct at Petitioner's sentencing violated his Due Process rights, (*id.* at 22). Approximately ten weeks later, Petitioner filed an amended petition listing two more bases for relief. *See doc. 12*. Specifically, Petitioner alleged that his appellate counsel was ineffective for failing to file an appeal, (*id.* at 2-4), and that his trial counsel's failure to object to the nurse's hearsay testimony constituted ineffective assistance of counsel, (*id.* at 6-8).

Apparently not accounting for the Amended Petition, Respondents filed their answer the day after the Amended Petition was filed. *See doc. 13.* Respondents interpreted the petition as raising two claims. *Doc. 11* at 3. Specifically, Respondents understood the petition to "raise[ ]a claim of error in allowing a SANE nurse to testify about statements made by the victim in this case" and that "the state district court erred in considering uncharged allegations of wrongdoing by Petitioner during sentencing." *Id.* Based upon their interpretations, Respondents asserted their belief that the two claims they identified were exhausted by Petitioner. *Doc. 11* at 6. Respondents

2

qualified their stance, however, by saying that they did "not expressly waive the exhaustion requirement, at this time, because of the possibility that . . . the Court will interpret the two claims differently." *Id.*

The Court reviewed the matter and believed that Respondents interpretation of allegedly wrongful admission of uncharged conduct – specifically that it was a challenge based upon State evidentiary law – was incorrect. *See doc. 15* at 2 n.2 ("While it is not entirely clear from the Answer, it appears that the Respondents construed this claim as an evidentiary one as opposed to the Due Process claim that the Court believes is raised."). In light of that view the Court sought a supplemental answer from Respondents explaining whether the four claims it construed as presented – encompassing the two from the original petition under the Court's proper interpretation and the two from Respondents' amended complaint – were exhausted. *See generally doc. 15.*

Respondents submitted their Supplemental Answer on December 7, 2011. *See doc. 16.* To the Court's surprise, notwithstanding that Petitioner, opposing counsel, and the state courts had always approached Petitioner's claim of improper admission of uncharged conduct as a state evidentiary concern, Respondents answered that Petitioner's instant claim of the same being a violation of his Federal Due Process rights was properly exhausted. *Doc. 16* at 5, ¶ 5. Respondents unhelpfully supported this position by generally citing to exhibits "F" through "Q" of Respondents Answer. *See id.*

3

(citing *Doc. 11* at 6, ¶ 8 and Exhibits F through Q). The exhibits cited span 168 pages.[1] *See doc. 11* Exs. F-Q. Out of an abundance of caution, the Court searched the entire 168 pages of material cited as support for Respondents' statement that the Due Process claim was exhausted. At no point anywhere in that span did the Court discern a time where the Petitioner argued, where the State responded, or where the Court held that there was anything present other than a state evidentiary issue. *See, e.g., doc. 11* .[2]

Ordinarily, a claim brought pursuant to 28 U.S.C. § 2254 must be exhausted before the Court may consider it on its merits. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."). For exhaustion to occur, the state must have had "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . ." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium) (internal quotation omitted). "If state courts are to be given the

---

[1] "Pincites are particularly important when citing court documents." *The Bluebook: A Uniform System of Citation* B7.1.2, at 20 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010) [hereinafter *Bluebook*].[1] When referring the Court to support for a specific proposition, advocates should "[g]ive as precise a reference as practicable to the cited document, such as to the page and line on which the material appears . . . ." *Id.* In the briefing ordered herein, Respondents shall fully, properly, and clearly cite each and every citation to law or fact that they offer. Where Respondents cite to law, they should clearly do so with pincites. *See Bluebook* R. 3.1, at 67-69. Where Respondents cite to facts, they should provide a pinpoint citation to both the exhibit and the page involved. *See Bluebook* B.7.1.2, at 20. Counsel would be wise to follow this directive in all cases in the future.

[2] Not only did the Respondents fail to properly point to particular pages in the exhibits, but their lack of effort led them to include in their general citation several exhibits which are patently irrelevant to the matter of exhaustion. *See, e.g., Doc. 11* Ex. J (notice of assignment to general calendar), Ex. Q (mandate to State District Court Clerk).

opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66. As such, a claim is not properly exhausted unless both the factual and legal basis of the claim are brought to the state's attention. *See id.* at 366 ("mere similarity of claims is not enough").

The circumstances of this case are nearly identical to those of *Hawkins v. Mullin*. 291 F.3d 658 (10th Cir. 2002). In *Hawkins*, the court dealt with a habeas petitioner who, "[b]efore the state court, . . . challenged . . . testimony only on state-law grounds." *Id.* at 673. Specifically the petitioner "argued that the State had failed to meet the state-law requirements for admitting a child's testimony and that, under [State] evidence law, the child's testimony was not admissible . . . ." *Id.* In his federal habeas petition, however, the *Hawkins* petitioner alleged that admission of that testimony was a violation of Federal Constitutional rights. *Id.* The Tenth Circuit rejected that claim, reasoning that since petitioner had "never fairly presented the substance of his federal claim to the state court . . . his federal claim remain[ed] unexhausted." *Id.* at 673-74.

At present, Petitioner asks this Court to find that his Federal Due Process rights were violated when the trial court considered prior, uncharged conduct in imposing sentence upon Petitioner. *Doc. 1* at 23. This was not the basis for Petitioner's claims at any point in his state proceedings. Rather, throughout the state direct and collateral review process, Petitioner argued this matter from a state evidentiary angle. *See, e.g.,*

5

*doc. 11* attach. 2, at 43 (discussing balancing of prejudicial nature against probative value in admission of other acts). Likewise, the State consistently countered it solely based upon state evidentiary law. *See, e.g., id.* Ex. L, at 36 (arguing requirements of New Mexico Evidence Rule 11-404(B)). Lastly, where the state courts discussed this argument, they did so based upon state evidentiary standards. *See, e.g., id.* Ex. N, at 13 (affirming conviction because rules of evidence did not apply at sentencing). So Petitioner's federal Due Process claim is unexhausted.

Nonetheless, the respondent in a section 2254 petition may expressly waive the requirement that claims be exhausted. *See* 28 U.S.C. § 2254(b)(3). Where a state admits that a "'petitioner has properly exhausted the issues now presented to this Court[,]'" it has expressly waived the exhaustion requirement. *Richwine v. Romero*, No. 10-2247, 2011 U.S. App. LEXIS 10769, at *7-*8 (10th Cir. May 26, 2011) (quoting *Gonzales v. McKune*, 279 F.3d 922, 926 n.8 (10th Cir. 2002) (en banc)). Respondents' Answer and Supplemental Answer have done precisely that, thus they have waived the exhaustion defense as to Petitioner's claims.

Respondents' Answer repeatedly argues that this Court should deny Petitioner's claims based upon deference to the state court decisions against Petitioner. *Doc. 11* at 7-10. However, such deference does not apply where the state court did not rule on the merits of a petitioner's claims. Here, as discussed above, the state courts did not rule on Petitioner's federal Due Process claim because it was never raised. So, deference does

not apply and the claim must be reviewed *de novo*. See *Douglas v. Workman*, 560 F.3d 1156, 1170-71 (10th Cir. 2009) (if state court did not make decision on the merits, federal court is left to resolve the substantive claim *de novo*). Because Respondents have never briefed this claim under this standard, they will be ordered to do so.

Wherefore,

IT IS HEREBY ORDERED that Respondents shall submit supplemental briefing concerning whether admission of testimony about prior, uncharged conduct at Petitioner's sentencing hearing violated his Federal Due Process rights. This briefing shall be based upon the understanding that this Court's review will be *de novo* and not rely upon deference to earlier state court decisions in this matter. Respondents shall file this additional briefing by December 30, 2011. Petitioner may, but need not, respond. If Petitioner chooses to respond, his filing is due January 17, 2012.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE