IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM ZAMORA,

      Petitioner,

v.                                      CIV 11-501 WJ/GBW

TIMOTHY HATCH, Warden,

      Respondent.

## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Doc. 1.*  Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *See, e.g., Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Alverson v. Workman*, 595 F.3d 1142, 1146 (10th Cir. 2010).  All of the issues can be resolved on the record before me, and, therefore, an evidentiary hearing is unnecessary.  *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007); *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010).  For the reasons discussed below, I recommend that the claims be denied and the Petition be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

**Initial Verdict and Direct Appeal**

On June 14, 2007, a state court jury court found Petitioner guilty of two counts of

Criminal Sexual Contact of a Minor in the Third Degree and one count of Contributing to the Delinquency of a Minor in the Fourth Degree. *Doc. 11*, Ex. A.  Three days later, the trial court sentenced Defendant to 13 ½ years of incarceration, ordered a subsequent five to twenty years of parole, and recommended various conditions of parole. *Id.*  On September 21, 2007, Petitioner, through counsel, moved for reconsideration of his sentence. *Id.*, Ex. B.  On November 11, 2007, Petitioner again moved for reconsideration, this time without counsel. *Id.*, Ex. C.  Those motions were denied. *See id.*[1]

Petitioner's trial counsel did not file an appeal despite Petitioner's request to do so. *Id.*, Ex. E.  Recognizing that this failure was a *per se* violation of requirements for effective assistance of counsel, Petitioner and then-respondents, warden Erasmo Bravo and the State of New Mexico, entered into a stipulated final order for state habeas relief requiring that Petitioner's trial counsel file his appeal and permitting defendant to file a successive state habeas petition after that appeal was decided. *Id.*

Petitioner filed a Notice of Appeal with the Court of Appeals of New Mexico on October 28, 2008, (*Id.*, Ex. F), and a docketing statement approximately one month later. *Id.*, Ex. G.  The sole issue raised in his docketing statement was that he was convicted of crimes which overlapped, and that this overlap constituted a violation of the Double Jeopardy clause of the Sixth Amendment. *Id*.  After the Court of Appeals notified

---

[1] Respondents appear to have mistakenly labeled this order as Exhibit C because the preceding exhibit is also labeled as Exhibit C and there is no Exhibit D.  The list of exhibits provided within the Answer itself, however, is correctly lettered. *See generally Doc. 11* and Exs.

Petitioner of the placement of his appeal on the docket for Summary Affirmance, (*id.*, Ex. H), Petitioner moved to amend his docketing statement to add a claim of error for admission of evidence of a past conviction at trial, (*id.*, Ex. I)**.**

On July 22, 2009, the Court of Appeals of New Mexico moved Petitioner's appeal to its general calendar.  *Id.*, Ex. J.  Petitioner filed his Brief-in-Chief with the Court of Appeals on March 26, 2010.  *Id.*, Ex. K.  Petitioner's Brief alleged a number of errors.  *See generally id.*  Of relevance to the instant motion, Petitioner alleged that the trial court erred by admitting the testimony of a nurse, Rosella Vialpando, ("the Nurse") about statements made to her by the victim.  *Id.*

The Court of Appeals affirmed Petitioner's conviction on January 12, 2011.  *Id.*, Ex. N.  Petitioner sought a writ of certiorari from the New Mexico Supreme Court on January 19, 2011.  *Id.*, Ex. O.  On February 10, 2011, the court denied the request.  *Id.*, Ex. P.

**State Petitions for Writ of Habeas Corpus**

On August 3, 2010, during the pendency of Petitioner's direct appeal, Petitioner filed a second state habeas corpus petition in the Second Judicial District Court in Bernalillo County.  *Id.*, Ex. R.  The failure of his trial counsel to file his then-ongoing direct appeal was again the basis of his petition.  *See id.*  On November 2, 2010, Petitioner filed another petition for a writ of habeas corpus with the same court.  *Id.*, Ex. S.  This time, the petition alleged that the length of his sentence and parole violated his

right to due process and other constitutional rights. *Id.* The court denied his pending petitions on January 26, 2011. *Id.*, Ex. T.

On March 15, 2011, Petitioner, for the third time, filed a state habeas petition predicated on ineffective assistance of counsel for failure to file the then-completed direct appeal. *Id.*, Ex. V. The court again denied the petition on June 15, 2011, (*id.*, Ex. W), and the Supreme Court of New Mexico denied review on July 29, 2011, (*id.*, Ex. Y).

**Federal Petition**

On June 9, 2011, Petitioner sought a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *Doc. 1.* The initial petition alleged that the State courts erred in admitting the Nurse's testimony, (*id.* at 8), and alleged that certain portions of the victim impact statements made at his sentencing hearing violated his Due Process rights, (*id.* at 23). Petitioner filed an Amended Petition on August 22, 2011. *Doc. 12.* The amended petition differed from the original in several ways.

First, the Amended Petition raised a different objection to the Nurse's testimony and now couched the issue in terms of ineffective assistance of counsel. *See id.* at 6 ("Counsel objected to Nurse Rosella Vialpando's testimony but failed to object to Nurse Vialpando's specific testimony that she had the victim tested[.]").[2] Second, the

---

[2] Although the Amended Petition alleges only ineffectiveness of counsel, "[t]he characterization of the action and the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in federal court[,]" *Roman-Nose v. N.M. Dep't of Human Res.*, 967 F.2d 435, 437 (10th Cir. 1992). Thus, the Court has considered that Petitioner may have intended that this claim to be a straight-forward attack on the admissibility of the challenged testimony. However, as noted *infra*, there is no habeas review of a

Amended Petition did not raise the sentencing hearing issue. *See generally id.* Third, the Amended Petition raised claims of ineffective assistance of counsel arising out of the failure to file an initial appeal. *See id.* at 4-5.

Although an Amended Petition would ordinarily supplant the original petition, because Petitioner is proceeding *pro se,* I deal with all claims contained in both. Consequently, I proceed as if the Petition raises four claims: (1) the Nurse's testimony was inadmissible hearsay and its admission violated the Sixth Amendment; (2) the court's consideration of uncharged misconduct was a due process violation; (3) the failure of counsel to file an appeal constituted ineffective assistance of counsel; and (4) the failure of counsel to object to certain testimony of the Nurse constituted ineffective assistance of counsel.

In their Answer, Respondents outlined their understanding of Petitioner's claims and indicated that his claims were exhausted. *See generally doc. 11.* However, they noted that, if the Court interpreted Petitioner's claims differently, they reserved the right to raise the exhaustion defense. *Id*. at 6. As it happened, the Court did construe Petitioner's claims differently than Respondent's, and ordered a supplemental answer with Respondents' position on exhaustion for each of the four claims outlined above. *Doc. 15*. In the supplemental answer, Respondents indicated that only one claim was

---

state court's evidentiary ruling which does not otherwise implicate the federal constitution. As Petitioner makes no constitutional claim aside from the ineffectiveness of counsel claim on this point, any evidentiary claim he may have intended must be denied.

unexhausted -- that his attorney was ineffective for failure to object to the Nurse's

testimony. *Doc. 16*. Notwithstanding Respondent's position, the Court determined that

an additional claim was unexhausted – that the sentencing hearing violated his due

process rights. *Doc. 17*. Consequently, the Court ordered supplemental briefing which

would address that issue under a *de novo* standard. *Id*. Respondents filed that brief on

January 30, 2012. *Doc. 21*.

<u>**ANALYSIS OF PETITIONER'S CLAIMS**</u>

**Exhausted Claims**

Petitioner has raised two exhausted claims: (1) the failure of counsel to file an

appeal constituted ineffective assistance of counsel; and (2) the Nurse's testimony was

inadmissible hearsay and its admission violated the Sixth Amendment.

*Standard of Review*

For claims that have already been reviewed by a state court, this Court must

proceed under the deferential standard set out in 28 U.S.C. § 2254(d).[3]  Under § 2254(d),

Petitioner must demonstrate that the state court's decision was (1) contrary to or an

---

[3]An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

unreasonable application of clearly established Supreme Court precedent, or (2) an

unreasonable determination of the facts in light of the evidence presented in the State

court proceedings.  *Id.*

      Even if a federal habeas court finds that the state court decision was "contrary

to" precedent or "unreasonable" and a violation of constitutional dimensions, habeas

relief may not issue unless the violation is of a sort that warrants such relief.  *See, e.g.,*

*Williams v. Taylor*, 529 U.S. 362, 375 (2000) ("It is, of course, well settled that the fact that

constitutional error occurred in the proceedings that led to a state-court conviction may

not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of

habeas.").  If the Court determines "that the state court erred, [it] must still determine

whether the error is a structural defect in the constitution of the trial mechanism, which

def[ies] analysis by "harmless-error" standards."  *Wilson v. Sirmons*, 536 F.3d 1064, 1073

(10th Cir. 2008) (quoting *Arizona v. Fulminante*, 449 U.S. 279, 309 (1991)), *rehearing en banc*

*granted on separate issue*, 549 F.3d 1267 (10th Cir. 2008).

      *Ineffectiveness Claim Based on Failure to File Appeal*

      In order to prove ineffective assistance of counsel, "a defendant must show both

deficient performance and prejudice[.]"  *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419

(2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  To be deficient,

"counsel's performance [must] f[a]ll below an objective standard of reasonableness as

measured against prevailing norms."  *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir.

2008).  To prove prejudice, a petitioner must show "a reasonable probability that the outcome would have been different but for counsel's inadequate performance."  *Id.*  In analyzing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Knowles*, 129 S. Ct. at 1420 (internal quotation omitted).

Even where a petitioner establishes that counsel's actions fall below an objective standard of reasonableness, the petitioner also "must establish 'that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.'"  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009).  To meet that burden, a petitioner "must show that 'counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable.'"  *Id.* (quoting *Strickland v. Washington*, 460 U.S. 668, 687 (1984).  "Mere speculation is not sufficient to satisfy this burden."  *Id.*  It is the petitioner's burden to present the facts that demonstrate prejudice.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting *pro se* petitioner's allegations of ineffective assistance because they were conclusory and lacked supporting factual averments).  If a petitioner fails to present such facts, his claim fails.  *See Cummings v. Sirmons*, 506 F.3d 1211, 1227-35 (10th Cir. 2007).

Courts may address the prongs of the ineffective assistance analysis "in any order, and failure under either is dispositive."  *Byrd v. Workman*, 645 F.3d 1159, 1168

(10th Cir. 2011).  Although claims of ineffective assistance counsel are reviewed *de novo* on direct appeal, a much less searching standard applies in the context of a § 2254 motion where the state court has ruled on the claim.  *See Knowles*, 129 S. Ct. at 1420 (describing the standard of review of ineffective assistance of counsel claims under § 2254 as having "a substantially higher threshold" than on direct appeal).

Petitioner's first claim of ineffective assistance of counsel is based upon the failure of his trial counsel to file an appeal until ordered to do so by the court.  *See Doc. 12* at 3-6.  There is no dispute that trial counsel unreasonably delayed filing the appeal and that fact is not disputed now.  *See doc.* 11, at 9-10, Ex. E.  When Petitioner first raised the failures of his trial counsel in prosecuting his appeal, the state court, without objection from the prosecution, granted him full appellate review of his case.[4]  *See generally id.*, Ex. N.  Nonetheless, the Petitioner repeatedly raised this issue in subsequent state habeas petitions, but was denied further relief.  *See id.*, Exs. R, V.

Given the remedy that he already received from the state court, he can show no prejudice due to his counsel's initial failure to properly handle his appeal.  Petitioner does not assert – nor could one expect that he would – that the result of the appeal would have been different had it been docketed earlier.  He does not contend that appellate counsel was prevented from raising, or otherwise failed to raise, an argument

---

[4]   The state court's remedy of trial counsel's error – allowing Petitioner to file an appeal – is precisely the remedy for which federal law calls.  *See United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991).

that he should have raised.  Because he can show no prejudice due to his trial counsel's initial failure to file an appeal, the state court's refusal to grant any further relief on this claim was not unreasonable.  I recommend that it be dismissed.

*Testimony of Nurse as Sixth Amendment Violation*

Petitioner contends that the trial court erred by admitting the testimony of the Nurse who examined the victim.  *See doc. 1* at 8.  Specifically, Petitioner alleges that her testimony about her conversation with the victim was hearsay which was admitted in violation of the Confrontation Clause of the Sixth Amendment.

This claim was raised by Petitioner before the state court and was rejected. Under § 2254, this Court must provide great deference to the determinations of the State court.  *See* 28 U.S.C. § 2254(d).  In that section, "Congress [has] prohibited federal courts from granting habeas relief unless a state court's adjudication of a claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law[.]'"  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting 28 U.S.C. § 2254(d)(1)).  Thus, this Court is not asked to determine whether the state court's ruling on the hearsay argument was correct "but whether the determination was unreasonable."  *Id.* at 474.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. amend VI.  The "primary object" of the Sixth

Amendment's Confrontation Clause is "testimonial hearsay." *Crawford v. Washington*, 541 U.S. 36, 53 (2004). Statements are testimonial when "a reasonable person in the position of the declarant would objectively foresee [that the statements] might be used in the investigation or prosecution of a crime." *United States v. Keck*, 643 F.3d 789, 796 (10th Cir. 2011).

It is clear that statements made for purposes of medical diagnosis are, by their nature, not limited by the Confrontation Clause. *See Giles v. California*, 554 U.S. 353, 376 (2008). Nonetheless, Petitioner contends that the victim's statements to the Nurse would not be outside the Confrontation Clause because the Nurse's treatment was not truly for medical treatment but was instead done simply with an eye toward prosecution. *Doc. 1* at 12-14.

The sworn testimony of the Nurse, however, eviscerates this argument. In *voir dire* conducted outside of the jury's presence, the Nurse testified that she intended to find out "what parts of the [victim's] body to look at, and [to] determine[ ]which test" to run. *Doc. 11*, Ex. N at 3. She also testified that the victim's answers informed her selection of diagnostic tests and facilitated treatment. *Id.* Moreover, the Nurse explained that her job is to "assess, diagnose, and treat patients" and that, although prosecutors use her reports, they are not made for prosecuting offenders. *Id.*

The New Mexico Court of Appeals determined that the trial court properly admitted the Nurse's testimony. *Doc. 11*, Ex. N at 3-7. Specifically, the court found that

the purpose of the Nurse's questions of the victim was medical diagnosis or treatment. *Id.*, Ex. N at 5-7.  This finding was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Given that finding, the state court's rejection of Petitioner's Sixth Amendment argument was not an unreasonable application of federal law.

Thus, I recommend that this claim be dismissed.

**Unexhausted Claims**

Ordinarily, a claim brought pursuant to 28 U.S.C. § 2254 must be exhausted before the Court may consider it on its merits.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . .").  Exhaustion requires that the state courts be given "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . ."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium) (internal quotation omitted).

*Failure to Object to Particular Testimony of the Nurse*

In addition to the exhausted claims detailed above, the Petition includes one claim which is unexhausted.[5]  Specifically, Petitioner claims that his trial counsel was

---

[5] The Petition actually includes two claims which are not exhausted.  However, with respect to one of those claims, Respondent has waived the exhaustion requirement.  That claim is treated differently and discussed below.  *See infra* pp. 16-20.

ineffective for failing to object to the Nurse's testimony that she tested the victim for various STIs.[6]  *Doc.* 12 at 6-8.  Since Petitioner has presented a "mixed petition," the Court has limited options regarding how to handle his habeas application.  This Court may do one of four things: "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ."  *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).  Because I find that this claim, along with all the other claims, is without merit, I recommend ignoring the exhaustion requirement and denying it.

This claim is based on the Nurse's testimony that, after the victim reported sexual contact, she ordered tests for Gonorrhea, Chlamydia, Hepatitis B, Syphilis, and HIV.  *Id.*  Petitioner asserts that, because there was no allegation of intercourse, these tests were unnecessary and their mention at trial was only intended to offend the jury. *Id.* at 8.[7]

---

[6] Petitioner has not previously argued that the trial court improperly admitted this portion of the Nurse's testimony.  Petitioner's only argument before the state courts was that the Nurse's testimony about the victim's statements was hearsay that violated the Sixth Amendment.  *See generally Doc.* 11, and Exs.  Second, Petitioner never presented the issue of the Nurse's testimony as constituting ineffective assistance of counsel. *See, e.g., id.*, Ex. L (arguing inadmissibility as basis of error).

[7] "To the extent that this claim could be interpreted as asserting a state evidentiary error warranting habeas relief, this Court cannot review it.  *See* 28 U.S.C. § 2254(d).  Admission of evidence in

First, the testimony in question was admissible, and therefore trial counsel did not err by failing to object to it.  In fact, a review of the trial court's ruling on a separate issue dictates this result.  In his direct appeal, Petitioner argued that allowing the Nurse's testimony regarding statements by the victim was improper hearsay.  *Doc.* 12, Ex. L.  Reviewing this issue, the Court of Appeals noted that the Nurse explained in her testimony that her procedure when treating a victim is to select diagnostic tests based on the victim's description of relevant events.  *Id.*, Ex. N at 3-7.  Specifically, she ordered the tests of the victim for various sexually transmitted infections because the victim stated that Petitioner had exposed his genitalia to her, thereby risking the exchange of bodily fluids and the transmission of an infection.  *Id.* at 6-7.  The Court of Appeals held that testimony about the victim's statements to the Nurse was admissible because New Mexico's Rules of Evidence permit testimony that is pertinent to diagnosis and treatment.  *Id.* at 3-7.  Specifically, the Court of Appeals concluded that, because the Nurse selected tests based on the victim's statements, then those statements fell within the hearsay exception.  *See id.* at 6-7.  In other words, the tests ordered by the Nurse, in part, established the evidentiary foundation for the admission of the victim's statements to her.  Therefore, the Nurse's testimony that she ordered the tests was relevant and

---

the State courts of New Mexico is governed by State law.  *See generally* N.M. R. Evid. 11-101 *et seq.*  Thus, any evidentiary matters resolved by the New Mexico courts that are not predicated upon violations of federal law or Constitutional provisions, are unreviewable in a § 2254 motion.  *See* § 2254(d) (limiting review to decisions pertaining to Federal law or the United States Constitution or to decisions unreasonable in light of presented evidence).

admissible.

Second, even if an argument could be made that the Nurse's testimony about the tests was unduly prejudicial despite its relevance, Petitioner's trial counsel would not have been unconstitutionally deficient in his performance by not objecting. *See Knowles*, 129 S. Ct. at 1420 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). The tests indicated no infections. It would be entirely reasonable for a defense attorney to conclude that objecting to that line of questioning could lead a jury to believe that the tests revealed something inculpatory. Instead, allowing the question along with the answer that the tests were negative would avoid such a result without any significant negative effect. As such, not objecting would be "well within the ambit of reasonable trial strategy." *Snow v. Sirmons*, 474 F.3d 693, 724 (10th Cir. 2007).

Finally, even assuming that the testimony was inadmissible and his trial counsel was ineffective for not objecting to its admission, Petitioner has failed to meet his burden of showing prejudice from this alleged error. Plaintiff simply asserts that the testimony "only served to have a significant effect on the jury's feelings about applicant, and affect a juror's judgment" and "their mention at trial only served to prejudice" him. *Id.* at 8. This conclusory statement is insufficient meet his burden of establishing prejudice. Moreover, upon a review of the record, the Court is confident that there is no reasonable probability that, but for the short discussion of the tests performed on the

victim with negative results, the result of the proceeding would have been different. *See Byrd*, 645 F.3d at 1168.

Because he has failed to establish either of the *Strickland* prongs, I recommend that this claim be dismissed.

### Consideration of Uncharged Conduct at Sentencing

Petitioner also asserts that the sentencing court erred by allowing the victim's relatives to make statements at his sentencing hearings in which they referenced prior allegations that Petitioner had harmed children. *See doc. 1* at 23-27. Because the allegations involved uncharged misconduct, Petitioner argues that permitting these statements constituted a denial of his right to due process. *Id.* In his state petitions, Petitioner never argued a denial of due process on this point, but instead claimed that the statements were inadmissible under state evidentiary rules. *See doc. 11*, Att. 2 at 43; *id.*, Ex. L at 36; *id.*, Ex. N at 13. Because simply raising a similar claim is insufficient to exhaust a habeas claim, Petitioner's due process claim is unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Hawkins v. Mullin*, 291 F.3d 658, 673-74 (10th Cir. 2002). Notwithstanding this analysis, Respondents continue to assert that Petitioner has exhausted this claim. *See doc. 21* at 14-16. Though in error,[8] this assertion constitutes

---

[8] In its prior orders, the undersigned has more extensively explained why this claim is unexhausted. *See docs. 15, 17*. In their most recent filing on the issue, Respondents spill more ink repeating the proposition that Petitioner presented this claim to the state court. *See Doc. 21* at 14-16. Respondents point to Petitioner's direct appeal in which he argued that the "Trial Court violated Appellant's due process rights by sentencing him separately for three separate offenses which all took

clear waiver of the exhaustion requirement.  *Richwine v. Romero*, 462 Fed. App'x 770, 772-73 (10th Cir. 2011).  As the state court never ruled on this due process claim, deference does not apply and the claim must be reviewed *de novo*.  *See Douglas v. Workman*, 560 F.3d 1156, 1170-71 (10th Cir. 2009).

Under New Mexico law, family members of minor victims have the right to make a statement at the sentencing hearing for the accused.  *See* N.M.S.A. § 31-26-1 *et seq*.  Pursuant to that legislation, three family members of Petitioner's victim made statements to the state judge at the sentencing hearing.  Tr. Vol. 3 at 3-9.  In each of their remarks, they referenced allegations that Petitioner had molested other girls before the victim in this case.  *Id*. at 4 (grandmother stating that "he's been accused of hurting other little girls"); *id*. at 6 (mother stating that "I know you've heard, he never got charged with the first three girls and then his two nieces…"); *id*. at 9 (father stating that "[l]ike my wife mentioned, this happened prior…").

"As a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may

---

place at the same time, at the same place and really should have been sentenced as one or at least, the sentence should have been ordered to run concurrently."  *Id*. at 16 (*quoting doc. 11*, Ex, H at 2); *see also id*. at 14 (pointing to state habeas petition claiming due process violation because "prosecutor chose to submit Petitioner's prior sentences to convince the sentencing judge to impose maximum sentence.").  It seems beyond apparent that the previously presented due process claim is different than the due process claim made in the instant petition as clearly defined by the Court – "whether admission of testimony about prior uncharged conduct … violated … Federal Due Process rights."  *Doc. 17* at 7 (Court ordering supplemental briefing).  For future cases, Respondents should review the specificity requirements for a claim to be considered exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Hawkins v. Mullin*, 291 F.3d 658, 673-74 (10th Cir. 2002).

consider, or the source from which it may come." *Nichols v. United States*, 511 U.S. 738, 747 (1994) (internal quotation omitted).  However, "[d]ue process requires that a defendant not be sentenced on the basis of 'misinformation of a constitutional magnitude.'" *United States v. Beaulieu*, 893 F.2d 1177, 1181 (10th Cir. 1990) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)).  "This right is protected by the requirement that the defendant be given adequate notice of and an opportunity to rebut or explain information that is used against him." *Id.*  "As a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability[.]" *United States v. Sunrhodes*, 831 F.2d 1537, 1542 (10th Cir. 1987) (quoting *United States v. Fulbright*, 804 F.2d 847, 853 (5th Cir. 1986)).  When viewed against these standards, the statements from the victim's family did not violate Petitioner's due process rights.

First, prior to the sentencing hearing, Petitioner was aware that the prior allegations were before the court because they were discussed in the presentence report. *See* Tr. Vol. 3 at 10-11 (prosecutor arguing that Petitioner "lied to the presentence report [writer] about the previous accusations saying he had no knowledge of them [and] he was called out on that lie when the presentence report writer pointed out, 'Well, you gave statements in those prior cases.'").  As such, Petitioner had notice of and opportunity to rebut or explain the prior accusations prior to the imposition of sentence. *Beaulieu*, 893 F.2d at 1181.

18

Second, the record demonstrates a "minimal indicium of reliability" that prior accusations had been made.  In fact, it is clear that such allegations led to investigations albeit no charges.  *See* Tr. Vol. 3 at 11 (presentence report writer concluded that Petitioner "gave statements in those prior cases.").

Third, when a judge, as opposed to the jury, reviews victim impact statements, the Court presumes that the judge properly applied the law and considered only the evidence he knew to be admissible.  *See Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997).  In this case, the judge was well aware that, despite the suspicions, no charges had ever been brought.  *See, e.g.,* Tr. Vol. 3 at 11 (prosecutor explicitly stating that "the prior accusations were just accusations . . . ."); Tr. Vol. 2 at 88 (at hearing to determine whether Petitioner would be granted release pending sentencing, prosecutor stated that she "realize[d] that those were just allegations . . . .").  Moreover, it would have been obvious to the judge that the statements from the family members about the uncharged accusations were not based upon their direct knowledge.  Instead, their comments made clear that they had simply been told about the other allegations -- making them hearsay.  Finally, the judge would also be aware that the fact that the family of the victim believed in the truth of the prior accusations would not be a firm basis to conclude that the crimes occurred.  Permitting victims to make statements at sentencing hearings is common in most state systems.  Common sense indicates that such statements are often emotional and include topics not particularly relevant or well-

sourced.  Nonetheless, judges can be relied upon to properly weigh those statements when considering a sentence.  *See e.g. Smith v. Schriro*, 2009 WL 1457015, *6 (D. Ariz. 2009).  Nothing in the instant case suggests that the judge failed to do so here.  As such, Petitioner has failed to establish that the unsworn victim impact statements which referenced allegations of uncharged crimes violated his right to due process.

Even assuming a violation, the Court would apply harmless error analysis to erroneous admissions at sentencing.  *See Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995) ("Even if we were to conclude the references to other crimes was error, we would hold the error to be harmless.").  As discussed above, the presentence report included references to the prior allegations.  Petitioner does not argue that the presentence report should not have included these references.  Given that these allegations would have been before the court even without the victim impact statements, the references to those allegations in the victim impact statements was harmless.

Therefore, I recommend denial of Petitioner's claim that his due process rights were violated by the judge listening to the victim impact statements.

## *CONCLUSION*

Petitioner presents four claims: (1) the Nurse's testimony was inadmissible hearsay and its admission violated the Sixth Amendment; (2) the court's consideration of uncharged misconduct was a due process violation; (3) the failure of counsel to file an appeal constituted ineffective assistance of counsel; and (4) the failure of counsel to

object to certain testimony of the Nurse constituted ineffective assistance of counsel.

Claims 1 and 3 were presented to the state court.  In neither case was the state court's

denial of relief contrary to federal law nor based on an unreasonable determination of

facts.  As such, I recommend denial of those claims.  Claim 2 was not exhausted, but the

exhaustion defense was waived by Respondents.  Nonetheless, when reviewed *de novo*,

I find no due process violation and recommend denial.  Claim 4 was not exhausted.

Because I recommend denial of all other claims and this claim also lacks merit, I

recommend ignoring the exhaustion requirement and denying it.  Because I recommend

denial of all claims, I also recommend dismissal of the Petition with prejudice.

Wherefore, **IT IS HEREBY RECOMMENDED THAT** all claims be denied and

the Petition be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE